UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETE'S FRESH MARKET 4700 CORPORATION DBA PETE'S FRESH MARKET<br><br>   Plaintiff,<br><br>   v.<br><br>CP LEASING, INC. D/B/A PETE'S MARKET, PETE PATEL, AND CHIRAG PATEL<br><br>   Defendants. | Case No. 3:21-cv-863-JPG |

## MEMORANDUM AND ORDER

### I.  Introduction

This matter comes before the Court on Defendants CP Leasing, Inc.[1] D/B/A Pete's Market ("CP Leasing"), Pete Patel and Chirag Patel ("Defendants") or Motion to Dismiss Plaintiff Pete's Fresh Market 4700 ("Plaintiff" or "Pete's Fresh") Complaint (Doc. 25). Plaintiff opposes Defendants' Motion to Dismiss (Doc. 32).

### II.  Background

This dispute arises from a trademark infringement dispute. Plaintiff Pete's Market is a Chicago-based supermarket with seventeen locations around Illinois. Compl. at ¶ 1. Plaintiff has been allegedly continuously and exclusively using its "Pete's Market" trademark in connection with retail grocery stores since at least 1994 and its Pete's Fresh Market trademark since at least 2000. *Id*. at ¶ 2. Confused customers contacted Plaintiff when they saw Defendants were seeking to open a grocery store using the name Pete's Market and made customers believe Defendants'

---

[1] Plaintiff claims that Defendants' reference to CP Leasing LLC is incorrect, and the correct name is CP Leasing, Inc. For ease, the Court will refer to this business as CP Leasing.

1

store is affiliated with Plaintiff's Pete's Market brand and store. *Id*. at ¶ 5.

Defendant Pete Patel is an owner and officer of CP Leasing dba Pete's Market. Chirag Patel is also an owner and officer of CP Leasing. Def.'s Answer, Dkt. 16, ¶ 4, 6. Defendants' store is operated in Troy, Illinois. CP Leasing selected the name "Pete's Market" to make use of "goodwill associated with Pete Patel through his prior business ventures in Troy, Illinois." *Id*. at ¶¶ 3, 8, 9.

Plaintiff contacted Defendants over the "unauthorized use of the Pete's Market name" and after unsuccessfully attempting to resolve the matter, Plaintiff filed the Complaint on July 28, 2021, alleging trademark infringement and unfair competition as a result of Defendants' use of the Pete's Market name in connection with a grocery store in Troy, Illinois. Specifically, Plaintiff claims allegations of trademark infringement, unfair competition and false designation, common law unfair competition, and common law trademark infringement against both CP Leasing, Chirag Patel and Pete Patel.

Defendants Pete Patel and Chirag Patel request this Court dismiss the individual defendants in Counts II, IV, VI, and VIII based on the fact that conduct complained about by Plaintiff related to conduct taken as an officer or owner of CP Leasing and not in their individual capacities. (Doc. 25).

### III.   Law and Analysis

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

### A.  Pierce the Veil

Defendants argue that Pete Patel and Chirag Patel must be dismissed from this case because officers of a corporation are not liable for corporate intellectual property infringement (Doc. 26 at 4). Additionally, Defendants argue that no special circumstances are present to justify piercing the corporate veil. *Id.* Plaintiffs state that this is not correct and there are circumstances a defendant can be personally sued (Doc. 32 at 4).

There are two ways an officer of a corporation can be personally sued in a trademark

infringement claim. A plaintiff can pursue a trademark infringement claim under a veil-piercing theory or if the plaintiff can show some "special showing." To pierce a corporate veil under Illinois law, Plaintiffs must eventually prove that there is "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Sea–Land Servs., Inc. v. Pepper Source*, 993 F.2d 1309, 1311 (7th Cir. 1993); *Flentye v. Kathrein*, 485 F. Supp. 2d 903, 912 (N.D. Ill. 2007). Plaintiff argues that it does not need to prove Chirag Patel and Pete Patel pierced the corporate veil in order for them to be personally liable (Doc. 32 at 4). The Court finds that Plaintiff's Complaint does not argue a pierce-the-veil theory nor has alleged any facts that allege the theory. However, plaintiffs can also name defendants personally liable when they allege a "special showing."

**B. Special Showing**

The Seventh Circuit Court of Appeals has held that absent a "special showing," individuals are not ordinarily liable for the infringement of their corporation, even where that infringement is committed under the officer's general direction. *Dangler v. Imperial Mach. Co*., 11 F.2d 945, 947 (7th Cir.1926); *see also Desmond v. Chicago Boxed Beef Distributors, Inc*., 921 F. Supp. 2d 872, 885 (N.D. Ill. 2013); *Syscon, Inc. v. Vehicle Valuation Svcs., Inc*., 274 F.Supp.2d 975, 976 (N.D.Ill. 2003) ("Despite its vintage, *Dangler* remains the law of this Circuit."); *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd*., 626 F.Supp.2d 837, 857 (N.D.Ill. 2009) (applying the "special showing" requirement of *Dangler* "[c]onsistent with the weight of authority").

Such a "special showing" is made where the individual "acts willfully and knowingly— that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own

willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability." *Dangler*, 11 F.2d at 947. Other courts have found this "special showing" has been met where a defendant is either an officer or sole owner of the infringing entity. *Peaceable Planet, Inc. v. Ty*, Inc., 362 F.3d 986, 994 (7th Cir. 2004) (corporation's owner was able to be sued where plaintiff presented evidence defendant may have been personally involved in commission of the tort by his corporation); *Lang Exterior, Inc. v. Lang Windows, Inc.*, No. 11 C 5517, 2012 WL 3545703, at *3 (N.D. Ill. 2012) (special showing requirement satisfied where individual defendant founded the company she used to infringe upon the plaintiff's marks); *Syscon*, 274 F.Supp.2d at 977 (plaintiff stated a claim against company president by alleging that he "personally directed and participated in allegedly infringing activity, as well as personally authorizing that activity.").

However, courts have also recognized that being an officer is "neither necessary nor sufficient to allow for the imposition of individual liability." *Desmond v. Chicago Boxed Beef Distributors, Inc.*, 921 F. Supp. 2d 872, 886 (N.D. Ill. 2013). "[I]nstead, the alleged contributory infringer must have acted 'willfully or knowingly' or must have 'personally participated' in the alleged infringement." *Do It Best Corp. v. Passport Software, Inc.*, No. 01 C 7674, 2004 WL 1660814, at *15 (N.D. Ill. 2004); *Century 21 Real Estate, LLC v. Destiny Real Estate Properties*, No. 4:11–CV–38 JD, 2011 WL 6736060, at *7 (N.D.Ind. Dec. 19, 2011) ("[A]bsent allegations or proof of any facts that establish [an officer's] personal involvement in the infringement, through control or approval of the company's acts, [the officer] may not be held personally liable for [the defendant's] infringement.").

Thus, in order for Chirag Patel and Pete Patel to be name as individual defendants at the motion to dismiss stage, Plaintiff must allege that the individual defendants directed and personally

participated in infringing activity. Plaintiff has done so. Defendant Chirag Patel is the CEO of CP Leasing and is responsible for day-to-day operations of CP Leasing. Compl. at ¶¶ 10, 46. Plaintiff sent Pete Patel, who was allegedly directly responsible for day-to-day operations of CP Leasing, a letter informing him of Plaintiff's trademark rights and referenced consumer confusion. Compl. at ¶¶ 30, 47. Plaintiff also alleges that both Chirag Pate and Pete Patel willfully, knowingly, and personally participated in and directed all of the infringing activities. Compl. at ¶¶ 46, 47. Additionally, Plaintiff alleges that the individual defendants instructed and induced CP Leasing to use and continue to use Pete's Market's name without Plaintiff's permission. Compl. at ¶ 48. Thus, in light of the fact Plaintiff has alleged that Pete Patel and Chirag Patel had personal involvement and were responsible for day-to-day operations at CP Leasing.

At this juncture, the Court cannot determine whether the individual defendants Pete Patel and Chirag Patel actively participated in the alleged wrongful conduct at the pleadings stage. *TRT Transp., Inc. v. Chicago Trolley Rentals, Inc.*, No. 11 C 3693, 2011 WL 4585580, at *3 (N.D. Ill. Sept. 30, 2011) (Individual defendants not improper at leading stage where plaintiff alleges defendant was president, informed other defendants of the unlawful activity and may have control and personal involvement in activities). Thus, the Court must give reasonable inferences in favor of Plaintiff and cannot dismiss the claims against those individual defendants.

### IV. Conclusion

The Court hereby DENIES Defendants' Pete Patel and Chirag Patel Motion to Dismiss (Doc. 25).

**IT IS SO ORDERED.**
**DATED:  June 17, 2022**

/s/ J. Phil Gilbert
J. PHIL GILBERT
U.S. DISTRICT JUDGE