UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETE'S FRESH MARKET 4700 CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> PETE PATEL, CHIRAG PATEL, and CP LEASING, INC., <br><br> Defendants. | Case No. 3:21-cv-00863-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a Stipulation of Dismissal (Doc. 88). The Plaintiff submitted the Stipulation on October 23, 2023. The Plaintiff seeks voluntary dismissal of this case without prejudice that will automatically convert to a dismissal with prejudice by court order on July 1, 2024. The Court expressed reservations about the validity of the Stipulation. The Plaintiff argued that the Stipulation was proper. After reviewing Plaintiff's supporting citations, the Federal Rules of Civil Procedure, and the relevant case law, the Court remains unpersuaded. For the foregoing reasons, the Court finds that the Plaintiff's Stipulation does not comply with the Federal Rules of Civil Procedure and is, therefore, invalid and not effective. Consequently, dismissal is hereby **DENIED**. The Court **CONTINUES** the trial to July 8, 2024.

On July 28, 2021, the Plaintiff filed a complaint against the Defendants for, among other things, violating the Plaintiff's purported trademark. (Doc. 1). The defendants have been unable to acquire counsel. The day before trial, on October 23, 2023, the Court received a stipulation of dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1). (Doc. 88). The Stipulation stated that the parties had entered into a confidential settlement agreement and that "pursuant to the . . . . Agreement and to allow for performance of [its] terms . . . the parties

ask that the dismissal be entered without prejudice." (Doc. 88). The Stipulation then requests that the Court "enter an order stating that the dismissal without prejudice will convert to a dismissal with prejudice on July 1, 2024, unless an intervening motion has been filed with the Court." (Doc. 88) (hereinafter "post-dismissal conversion"). The parties did not attach the settlement agreement nor submit it to chambers. The Court immediately scheduled a hearing. (Doc. 90). The Court expressed concern that the Stipulation's request for "conversion" was improper under the Rules of Civil Procedure. Plaintiff's counsel cited docket entries where similar stipulations were viewed as valid. The Court reserved ruling on the Stipulation's validity to allow for further review.

A valid stipulation of dismissal is self-effectuating; it "immediate[ly] dismiss[es]," *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) (internal citations omitted), and "closes the case of its own force," *Kurz v. Fid. Mgmt. & Research Co.*, 2007 U.S. Dist. LEXIS 74267, *7-8 (S.D. Ill. 2007) (citing *Szabo Food Serv. v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987)). The court cannot "impose conditions upon dismissal," *Id.* at *7-8, just as a court cannot deny a motion that has already been withdrawn. In contrast, a plaintiff that *moves* for dismissal by court order can request conditions, but the court retains discretion over whether to grant, deny, or impose its own conditions on the dismissal.

Therefore, a plaintiff has two options: file a stipulation of dismissal (which escapes the court's discretion to deny the motion or impose conditions) or file a motion for dismissal (which allows the court to impose conditions)—a plaintiff cannot do both. A plaintiff cannot voluntarily dismiss their case and, in the same breath, ask the court to impose conditions on the dismissal.[1]

---

[1] FRCP 41(a)(1) and FRCP 41(a)(2) are mutually exclusive when applying the Negative-Implication Canon of Construction i.e. *expressio unius est exclusio alterius* ("the expression of one thing implies the exclusion of others.") *Jennings v. Rodriguez*, 138 S.Ct. 830, 844 (2018) (quoting A. SCALIA & B. GARNER, *Reading Law: The Interpretation of Legal Texts* 107 (2012)). "These principles of statutory interpretation apply also to federal rules."

When a valid stipulation has been filed, "no action remain[s] for the district court" and any "subsequent order purporting to dismiss the case [is] therefore void and [has] no legal effect." *Nelson v. Napolitano*, 657 F.3d at 587 (7th Cir. 2011) (internal citations omitted). Consequently, a filing that "purports to enter a dismissal without prejudice on the day it was filed but then later change that to a dismissal with prejudice . . . does not comport with the [Rules of Civil Procedure]." *Burdine v. Helvey & Assoc's*, 2019 U.S. Dist. LEXIS 187790, *2 (N.D. Ind. 2019). When a stipulation of dismissal does not comply with the Rules of Civil Procedure, a court "views [the filing] in the same light as [an unsigned] stipulation for dismissal . . . and, therefore, as not effective." (citing *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 860 (7th Cir. 2004)).

Here, the filing purports to be a stipulation of dismissal. If valid, the Plaintiff's case was dismissed the moment it was filed. *Nelson* at 588. The Court, even if it wished to, could not impose a condition on that dismissal. However, because the Plaintiff seeks the benefit of both a voluntary dismissal and a court-ordered dismissal, the Stipulation does not comply with the Rules of Civil Procedure.[2] As a result, the Stipulation is invalid and ineffective. Therefore, the case remains pending. Moreover, even if the Plaintiff were to forego voluntary dismissal and move for conditional dismissal the Court cannot grant a request for post-dismissal conversion.

Post-dismissal conversion is a two-step process: the first step is the initial dismissal without prejudice; the second step involves the court somehow "converting" the dismissal without prejudice into a dismissal with prejudice. There are three primary ways to conceive of a

---

*United States v. Melvin*, 948 F.3d 848, 852 (7th Cir. 2020) (citing *Pavelic & LeFlore v. Marvel Entm't Grp.*, 110 S.Ct. 456, 458 (1989) (applying principles of statutory interpretation to the Federal Rules of Civil Procedure)). Additionally, this interpretation is consistent with the purpose of promulgating FRCP 41(a)(1). *See Nelson v. Napolitano*, 657 F.3d at 588-89 (discussing the status quo before FRCP 41 and the purpose behind its implementation).

[2] While the Court could strike the offending portion from the Stipulation, the Court believes it would be inefficient and counter to the will of the parties to dismiss without prejudice outright.

post-dismissal conversion: 1.) a condition placed on dismissal; 2.) an amendment of the court's judgment; or 3.) an order enforcing judgment (if a court has integrated post-dismissal conversion into the judgment itself). However, under all three conceptions, post-dismissal conversions are improper.

First, post-dismissal conversion is not a valid condition for dismissal. Generally, any order made after dismissal is void. *E.g., Smith v. Potter*, 513 F.3d 781, 782-783 (7th Cir. 2008) ("[s]ince there was no longer a case pending before [the District Court], and since a federal judge's authority to issue orders depends (with immaterial exceptions) on the existence of a case, [the District Court's] order was void.") While courts retain some power after dismissal, these powers are limited to collateral issues. *Nelson* at 589 (recognizing a court may impose post-dismissal sanctions). However, dismissal and judgment are not collateral issues. Additionally, FRCP 59(e) and FRCP 60(b) already provide a vehicle for modifying judgments. By making post-dismissal conversion a condition of dismissal, a court improperly circumvents the general rule that jurisdiction ends at dismissal—by entering an order that will only take effect after dismissal—and obviates the need for FRCP 59 and FRCP 60. While exceptions to these rules exist, post-dismissal conversion is not among them.

Appellate courts in other circuits have allowed post-dismissal conversion. *Gravatt v. Columbia University*, 845 F.2d 54, 55-56 (2d Cir. 1988) (discussion and adoption of other circuits' law on post-dismissal conversion). However, the Court of Appeals for the Seventh Circuit has not adopted this rule. *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994). Rather, the Court of Appeals found that a court violates FRCP 41(a)(2) when, *sua sponte*, a court converts a plaintiff's motion to dismiss *without* prejudice into one *with* prejudice, before giving the plaintiff an opportunity to withdraw the motion. *Id.* ("[A] plaintiff who moves for dismissal

without prejudice . . . must be given a reasonable opportunity to withdraw [their] motion [to dismiss] in the event the district court grants the motion . . . with prejudice.") The Appellate Court has characterized the district court's options as a dichotomy. *Id.* at 306 ("[T]he district court may either deny [the] motion [to dismiss without prejudice] altogether *or* . . . the district court must provide [the Plaintiff] reasonable time within which [they] can decide between dismissal with prejudice, or trial on the merits,") (emphasis added). The Court of Appeals was concerned that conversion to dismissal with prejudice, without an opportunity to withdraw, may be an onerous consequence. *Id.* While the Appellate Court did not explicitly bar post-dismissal conversion, *Marlow*'s requirement—that plaintiffs be given an opportunity to withdraw before conversion occurs—is dispositive.

      As explained earlier, post-dismissal conversion is a two-step process: the first step is dismissal without prejudice and the second step is court-ordered "conversion." However, once a plaintiff has voluntarily dismissed their case without prejudice "it is as if the plaintiff's lawsuit had never been brought," *Nelson* at 588 (internal citations omitted). While there are limits to this characterization, if a plaintiff seeks to recommence their lawsuit, they must refile or make a post-judgment motion. *Id.* A plaintiff cannot "withdraw" the dismissal, move for a different form of dismissal, or proceed with a trial on the merits. Essentially, a voluntary dismissal is irrevocable. Regardless of prejudice, once a case is dismissed, the court enters a judgment. Once judgment of dismissal without prejudice is entered, final or not, a party may only seek relief from a judgment under FRCP 59(e) or FRCP 60(b)—yet neither applies. FRCP 59(e) allows alterations of judgment, but only for twenty-eight days after the judgment is entered—beyond the time frame most post-dismissal conversions contemplate. While FRCP 60(b) permits modification of

judgment up to one year after the judgment is entered,³ FRCP 60(b) is not intended for routine or automatic use. When a case is dismissed without prejudice, generally a plaintiff refiles rather than moving to amend judgment under FRCP 60(b). Though there may be situations where "a district court may grant relief under [FRCP] 60(b) to a plaintiff who has voluntarily dismissed the action [without prejudice,] . . . . [r]elief under Rule 60(b) is an *extraordinary* remedy granted *only* in *exceptional* circumstances." *Nelson* at 589 (emphasis added).

A plaintiff moving for post-dismissal conversion under FRCP 60(b) is asking for a relief or remedy. However, post-dismissal conversion is not a remedy for plaintiffs, it is a de facto sanction—stripping them of their right to refile. Even if conversion was a valid remedy, it is a remedy in want of an injury. Moreover, to the extent a plaintiff's voluntary dismissal can be characterized as an injury, it is self-inflicted. Setting aside the question of remedies, "[r]elief under Rule 60(b) is . . . granted *only* in *exceptional* circumstances." *Nelson* at 589 (emphasis added). Concluding routine settlement negotiations does not qualify as an exceptional circumstance under FRCP 60(b). Therefore, it would be improper to enter judgment for dismissal without prejudice and subsequently enter an order amending the judgment to dismissal with prejudice as a matter of course.

As post-dismissal conversion cannot be a condition of dismissal, and conversion cannot be obtained by amending a judgment under FRCP 59(e) or FRCP 60(b), the question that remains is whether a court can "integrate" conversion itself into its judgment. While courts generally lack authority to issue orders after dismissal, courts do have "power to protect and enforce [its] judgment[s]." *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (citing *Kokkonen*

---

³ There are multiple factors a court examines when deciding whether a dismissal without prejudice is "final judgment" for the purposes of appealability and FRCP 60. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Cir. 2011). The Appellate Court has already stated that voluntary dismissals without prejudice can be a final judgment, *Nelson* at 588, for the sake of analysis, this Court will proceed assuming it is a final judgment.

*v. Guardian Life Ins. Co.*, 114 S. Ct. 1673, 1676-77 (1944)). By integrating post-dismissal conversion into its judgment, a court theoretically could issue a post-dismissal conversion order; the issue with this approach is fundamental: it is not a true judgment. A judgment is the conclusion of a court's supervision of a case; it disposes of all outstanding motions and actions. To provide conditions modifying dismissal in a final judgment has the same effect of a FRCP 59(e) or FRCP 60(b) motion. The Rules of Civil Procedure are silent as to whether a court can place automatic conversion into its final judgment, but it is doubtful that a court, bound by the restrictions of FRCP 59(e) and FRCP 60(b), could escape those rules simply by working in an exception to the rules into the judgment. Therefore, integrating post-dismissal conversion into a judgment is impermissible, either because it is not a true judgment or because it circumvents FRCP 59(e) and FRCP 60(b).

In summary, submitting a stipulation of dismissal while also requesting a condition for dismissal is improper under the Rules of Civil Procedure; any stipulation that does so is ineffective. Even if a party properly moved for conditional dismissal under FRCP 41(a)(2), post-dismissal conversion is not a condition that can be placed on dismissal because a court cannot simultaneously grant post-dismissal conversion and also comply with the withdrawal requirement in *Marlow*. When conceived of as a modification of judgment under FRCP 59(e), post-dismissal conversion is time-barred after twenty-eight days. When conceived of as modifying a final judgment under FRCP 60(b), conversion is an invalid remedy because: ironing out settlement details is not an exceptional circumstance; there is no injury and, to the extent there is one; it is anticipated *and* self-inflicted by a plaintiff. Lastly, integrating post-dismissal conversion into a judgment runs contrary to the purpose of judgment and circumvents FRCP 59(e) and FRCP 60(b). Therefore, post-dismissal conversion itself—whether conceived of

as a condition of dismissal, a modification of judgment, or as an order enforcing an "integrated" judgment—is improper.

Here, the Court anticipates that the Plaintiff will move for post-dismissal conversion again. The Plaintiff may not believe dismissal with prejudice on July 1, 2024, will be onerous. While the Court generally refrains from hypothesizing, conditions may *become* onerous before July 1. If conditions do become onerous, under *Marlow*, the Court is required to give the Plaintiff a chance to withdraw their dismissal. However, as explained above, after dismissal and judgment the Plaintiff cannot withdraw their dismissal. Because the Plaintiff must be given the opportunity to withdraw before conversion, and it is impossible under the Rules of Civil Procedure and the case law in the Seventh Circuit to provide such an opportunity after dismissal, by granting a motion for post-dismissal conversion, the Court risks violating *Marlow*. Thus, the Court is obliged to deny any request for post-dismissal conversion.

Additionally, the Stipulation contemplates motions after dismissal but prior to conversion. As orders after judgment are generally void and the Court cannot integrate conversion into its final judgment, any intervening motions must be filed under FRCP 59(e) or FRCP 60(b). Beyond twisting the Rules of Civil Procedure into a gordian knot, this approach appears inefficient, unnecessary, and it is unlikely the Stipulation's contemplated motions would either be within the time frame of FRCP 59(e) or rise to the extraordinary circumstances required by FRCP 60(b). Given the Defendants in this litigation have been unable to acquire counsel, such irregular methods that serve only to restrain the parties and the Court are suspect. The Court sees no legitimate reason why post-dismissal conversion would be preferable to simply continuing the trial to allow for negotiation. Thus, even if the Court were permitted to grant post-dismissal conversion under the law, the Court would decline to do so.

Relatedly, at the hearing regarding the Stipulation, Plaintiff's counsel suggested that the reason they wish for the Court to retain jurisdiction is to avoid refiling the case should a dispute over the merits arise during settlement negotiations—despite settlement agreements traditionally being a state breach of contract claim. Essentially, Plaintiff's counsel suggests that the Court, lacking independent subject matter jurisdiction, should still retain supplemental jurisdiction over the settlement. The Court cannot retain jurisdiction here.

"Courts do not automatically have supplemental jurisdiction over any [settlement agreement]." *Hill v. Baxter Healthcare Corp.*, 405 F.3d at 576 (citing *Kokkonen v. Guardian Life Ins. Co.*, 114 S. Ct. at 1676-77). Disputes over the settlement agreement are contractual claims and therefore generally require "[their] own basis for jurisdiction." *Kokkonen* at 1674. A court may *choose* to retain supplemental jurisdiction over a settlement. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985) ("we have expressed no doubt of the power of a district judge to dismiss a lawsuit *conditionally*, retaining jurisdiction to effectuate terms of settlement agreed to by the parties") (emphasis added), however, the basis for a court's extension of jurisdiction is derived from the court's inherent "power to protect and enforce [its] judgment[s]." *Hill* at 576 (citing *Kokkonen* at 1676-77).

Consequently, a federal court may only exercise supplemental jurisdiction over a settlement when "[t]he judgment explicitly incorporates the settlement, or reserves authority to enforce [it]," *Id.* at 576-77 (quoting *Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir. 1994). While no specific wording is required, *McCall-Bey v. Franzen*, 777 F.2d at 1188, "there must be a deliberate intent to retain jurisdiction." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) (quoting *McCall-Bey*, at 1190). Intent alone is not enough. see *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 487 (7th Cir. 2002) (finding that despite the District Court's explicit desire to

retain jurisdiction over the settlement, because the District Court dismissed the case with prejudice, it had no jurisdiction over the settlement). When a court has not reviewed the settlement—either because it has not been provided yet or not fully negotiated—the court *cannot* retain jurisdiction over the settlement. *McCall-Bey* at 1189 ("[n]o responsible judge would agree to conditions of which he had no knowledge; the conditions might be against public policy.")

Here, even if the Plaintiff was intent on dismissing the case now, without a settlement agreement in front of it, the Court cannot extend jurisdiction over the settlement. Moreover, the Plaintiff's request is motivated by a concern that a dispute may arise related to the Settlement between now and July 1, 2024. Currently, this concern is hypothetical and premature. Even if the request complied with the Federal Rules, the Court was provided with the settlement agreement, and the Court wanted to enforce the settlement agreement; the Court sees no particular reason why it should extend its jurisdiction to the settlement in this case.

In conclusion, the Stipulation fails to comply with the Federal Rules of Civil Procedure. Voluntary dismissal under FRCP 41(a)(1) and court ordered dismissal under FRCP 41(a)(2) are mutually exclusive. The Court will not, and cannot, impose conditions upon a voluntary dismissal nor can the Court reverse a voluntary dismissal to impose conditions. As a result, the Stipulation is invalid and not effective. Furthermore, post-dismissal conversion is not a valid condition of dismissal and a court cannot integrate conversion into its judgement nor amend its judgment after dismissal to allow for conversion. Consequently, the Court cannot grant a request for post-dismissal conversion. The Court also cannot extend its jurisdiction to include the settlement here. The Court cannot incorporate a settlement agreement into its judgment without knowledge of its terms. Additionally, any dispute over the settlement is currently hypothetical and, therefore, the Court finds no good reason to extend its jurisdiction to include the settlement.

**CONCLUSION**

For the reasons stated above, the Court finds that the Stipulation of Dismissal (Doc. 88) is invalid and not effective. Moreover, post-dismissal conversion is prohibited by the Federal Rules of Civil and the case law in the Seventh Circuit. Therefore, dismissal is hereby **DENIED** and the Court **CONTINUES** the trial to July 8, 2024.

**IT IS SO ORDERED.**
**DATED:  November 7, 2023**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**